Filed 11/6/24  P. v. Craft CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LARRY DONALD CRAFT,<br><br>    Defendant and Appellant. | C099799<br><br>(Super. Ct. No. 96485) |

Defendant Larry Donald Craft appeals from the trial court's resentencing pursuant to Penal Code[1] section 1172.75.  He argues the court erred by failing to recalculate his actual custody credits upon resentencing.  We agree.  Defendant also identifies two clerical errors in the abstract of judgment.  We remand the matter for the recalculation of defendant's actual custody credits and the issuance of an amended abstract of judgment as detailed in the Disposition.  We otherwise affirm the judgment.

## I.  BACKGROUND

In 1990, a jury found defendant guilty of unlawful oral copulation (former § 288a, subd. (c)); unlawful penetration by a foreign object (former § 289, subd. (a)); rape by force or

---

[1] Undesignated statutory references are to the Penal Code.

1

fear (former § 261, subd. (2)); and sodomy by force or fear (former § 286, subd. (c)). As to each offense, the jury found true that defendant kidnapped the victim for the purpose of committing a sexual offense (former § 667.8) and personally used a knife (former § 12022.3, subd. (a)). The trial court found true that defendant had suffered a prior serious felony conviction (former § 667, subd. (a)) and served two prior prison terms (former § 667.5, subd. (b)). The court imposed an aggregate sentence of 62 years imprisonment, comprised of eight years (the upper term) for each offense, five years (the upper term) for each knife enhancement, five years for the prior serious felony enhancement, one year for each prior prison term, and three years for one of the kidnapping enhancements. The court stayed the remaining kidnapping enhancements.

In 2023, the Department of Corrections and Rehabilitation identified defendant as an individual eligible for resentencing under section 1172.75. The trial court recalled defendant's sentence and scheduled a resentencing hearing. The parties agreed that defendant's two prior prison term enhancements were no longer valid. Defendant argued his sentence should be further reduced to 24 years whereas the People maintained that the remainder of his sentence should be left unchanged. Ultimately, on November 3, 2023, the court struck the prior prison term enhancements and reimposed the remainder of defendant's original sentence, resulting in a sentence of 60 years. When calculating custody credits, the court stated that "defendant is entitled to the time he has already served. However, this Court is not in a position to determine that custody credit and will defer to the Department of Corrections and Rehabilitation to calculate that credit."

Defendant timely appealed. The trial court subsequently denied a motion to correct the custody credits and amend the abstract of judgment.

## II. DISCUSSION

Defendant argues the trial court erred in not recalculating his custody credits for actual time served upon resentencing. The People agree, as do we. A trial court must calculate a defendant's custody credits when resentencing. (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 29, 37, 41 [when a trial court resentences a defendant on remand, it must credit him with all

2

actual days he spent in custody (whether in jail or prison) up to that time, including his time in custody after the original sentencing].) We remand for the trial court to do so.

Defendant also identifies two errors in the abstract of judgment that warrant correction. First, the abstract incorrectly lists the date the trial court pronounced sentence as August 31, 1990. Second, the abstract indicates that the court struck the punishment for the two prior prison term enhancements under section 667.5, subdivision (b). But section 1172.75 declares that prior prison term enhancements under section 667.5, subdivision (b) are legally invalid in the present circumstances. Those enhancements should therefore be removed entirely from the abstract of judgment.

## III.  DISPOSITION

The case is remanded for the trial court to calculate defendant's actual custody credits. The trial court shall amend the abstract of judgment to:  (1) correct the sentencing date; (2) remove the two prior prison term enhancements under section 667.5, subdivision (b); and (3) update the custody credits for actual time served. The trial court shall forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

/s/
WISEMAN, J.*

We concur:


/s/
HULL, Acting P. J.


/s/
FEINBERG, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.